IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

ANTHONY BANDALAN,              )      CV. NO. 07-00591 DAE-LEK
                              )
            Plaintiff,        )
    vs.                       )
                              )
CASTLE AND COOKE; JOHN        )
DOES 1-10 JANE DOES 1-10; DOE )
CORPORATIONS; DOE             )
PARTNERSHIPS 1-10; AND DOE    )
GOVERNMENT ENTITIES 1-10,     )
                              )
            Defendants.       )
_____ )

ORDER GRANTING DEFENDANT'S
MOTION FOR RULE 11 SANCTIONS

On December 22, 2008, the Court heard Defendant's Motion.  Barry

Sooalo, Esq., did not appear at the hearing; Sarah Wang, Esq., appeared at the

hearing on behalf of Defendant.  After reviewing the motion and the supporting

memorandum, the Court GRANTS Defendant's Motion.

BACKGROUND

Anthony Bandalan ("Plaintiff") was hired by Defendant Castle &

Cooke Resorts ("C&CR" or "Defendant") in August 1987 as a truck driver.

Plaintiff was subjected to random drug testing under Department of Transportation

("DOT") regulations and company policy.  The terms and conditions of Plaintiff's

employment were governed by a Collective Bargaining Agreement ("CBA")
between Defendant C&CR and ILWU Local 142 (the "Union"), as well as a Union
approved drug testing policy.

Plaintiff failed a random drug test conducted on August 27, 2004,
because it was positive for marijuana.  Plaintiff was suspended pursuant to DOT
requirements and company policy.  On October 5, 2004, Plaintiff indicated a
willingness to relinquish his commercial driver's license ("CDL") in order to be
able to return to work.  On October 14, 2004, Plaintiff, the Union, and Defendant
C&CR negotiated a return to work agreement in which Plaintiff relinquished his
CDL and agreed to be subjected to follow up drug testing for a period of twelve
months.

On February 7, 2006, Plaintiff submitted to Defendant C&CR's
request for a random drug test.  Neither he nor the Union voiced any objections or
filed any grievance with regard to the testing.  On or about February 16, 2008,
Defendant C&CR was informed by its laboratory that the results of the drug test
had come back positive for marijuana, and Defendant C&CR informed Plaintiff of
his second positive test for marijuana on February 23, 2006.  According to Daniel
Ferguson, Employee Services Manager for Defendant C&CR, Plaintiff informed
him on February 23, 2006, that Plaintiff had traveled to another island at Plaintiff's

2

own expense on February 8, 2006, in order to take another drug test, one day after Defendant C&CR's drug test of February 7th, and that this test had come back negative.  (See Ferguson Decl. ¶ 2.)

Defendant C&CR chose  not to rely on the test results of February 8 provided by Plaintiff because Defendant C&CR considered these results unreliable. On March 2, 2006, Defendant C&CR terminated Plaintiff's employment effective March 6, 2006, as a result of the positive February 7, 2006 drug test for marijuana.

Also on March 2, 2006, Plaintiff and the Union filed a grievance over his termination.  The Union processed the grievance through step two of the CBA grievance process, but did not pursue the grievance through step three.

Plaintiff filed a Complaint against C&CR and doe defendants in state court on September 27, 2007, alleging Breach of Contract (Count 1), Breach of Implied Covenant of Good Faith and Dealing (first Count 2), Breach of Fiduciary Position (second Count 2), and Intentional Infliction of Emotional Distress (Count 3) ("IIED").  C&CR removed the instant case to this Court on December 12, 2007.

On January 29, 2008, counsel for C&CR requested that Plaintiff voluntarily withdraw the Complaint on the grounds that none of the claims could be maintained as a matter of fact and law.  According to Nathalie S. Kline, Esq., one of the attorneys representing C&CR, Plaintiff's attorney agreed to amend the

Complaint and remove several inadvertently included paragraphs.  (See Doc. # 19 Kline Decl. ¶ 2).  On March 3, 2008, the Court set a deadline of April 3, 2008, by which Plaintiff was to amend the Complaint to delete paragraphs 18 and 19 that alleged social companionships, a Quitclaim Deed or deed Without Warranty and breach of fiduciary position.  Plaintiff did not meet the April 3, 2008 deadline.

On September 24, 2008, C&CR filed a Motion for Summary Judgment.  (Doc. # 18.)  Plaintiff did not file an opposition.  This Court granted C&CR's motion for summary judgment on November 11, 2008, finding that all of Plaintiff's claims were preempted by section 301 of the  Labor Management Relations Act ("LMRA"), 29 U.S.C.A. § 185.  (Doc. # 26.)

Defendant filed the instant motion on November 12, 2008, requesting that this Court impose monetary sanctions against Plaintiff and/or his counsel for their failure to respond to requests to withdraw the complaint and for ignoring a Court order to amend the Complaint to delete the baseless allegations.  Plaintiff did not file an opposition to the motion for sanctions.  Defendant filed a reply on December 11, 2008.

## STANDARD OF REVIEW

It is within the court's discretion to impose sanctions pursuant to

Federal Rule of Civil Procedure 11.  See Christian v. Mattel, Inc., 286 F.3d 1118,

1126 (9th Cir. 2002).  When imposing such sanctions, the court's factual findings

will be reversed only if clearly erroneous and legal findings only if "they result

from a 'materially incorrect view of the relevant law.'"  Id. (citing Cooter & Gell v.

Hartmarx Corp., 496 U.S. 384, 402 (1990)).

## DISCUSSION

Defendant asserts that sanctions should be imposed because a

reasonable inquiry would have revealed that Plaintiff's claims were preempted by

section 301 of the LMRA.[1]  Defendant requests an award of attorneys' fees

incurred in pursuing the instant motion and the summary judgment motion.

Rule 11 of the Federal Rules of Civil Procedure provides that

> [b]y presenting to the court a pleading, written motion, or
> other paper--whether by signing, filing, submitting, or
> later advocating it--an attorney or unrepresented party
> certifies that to the best of the person's knowledge,
> information, and belief, formed after an inquiry

---

[1] This Court notes that Defendant complied with the "safe harbor" provision of Rule 11 by serving the instant motion on Plaintiff on September 19, 2008.  See Fed. R. Civ. P. 11(c)(2).  Despite receiving the motion, Plaintiff did not withdraw or correct his preempted claims prior to this Court's entry of summary judgment. Neither has Plaintiff opposed the instant motion.

reasonable under the circumstances: . . . (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b).

Rule 11(c)(1) provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."  "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.  The sanction may include . . . if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).  In addition, "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion."  Fed. R. Civ. P. 11(c)(2).

The Ninth Circuit has long held that Rule 11

> discourages wasteful, costly litigation battles by
> mandating the imposition of sanctions when a lawyer's
> position, after reasonable inquiry, will not support a
> reasonable belief that there is a sound basis in law or in
> fact for the position taken. If, judged by an objective
> standard, a reasonable basis for the position exists in both
> law and in fact at the time that the position is adopted,
> then sanctions should not be imposed.

Golden Eagle Distributing Corp. v. Burroughs Corp., 801 F.2d 1531, 1538 (9th

Cir. 1986).

As the Ninth Circuit has made clear, "[f]iling a complaint in federal

court is no trifling undertaking." Christian, 286 F.3d at 1127. "An attorney's

signature on a complaint is tantamount to a warranty that the complaint is well

grounded in fact and 'existing law' (or proposes a good faith extension of the

existing law) and that it is not filed for an improper purpose." Id. "When, as here,

a 'complaint is the primary focus of Rule 11 proceedings, a district court must

conduct a two-prong inquiry to determine (1) whether the complaint is legally or

factually baseless from an objective perspective, and (2) if the attorney has

conducted a reasonable and competent inquiry before signing and filing it.'"

Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005) (quoting Christian, 286

F.3d at 1127 (9th Cir. 2002)).

7

In granting Defendant's motion for summary judgment, this Court determined that the complaint was legally baseless from an objective perspective as all of Plaintiff's claims were preempted by Section 301. Plaintiff did not even oppose the granting of summary judgment in Defendant's favor. In addition, Plaintiff has not opposed the instant motion for sanctions. Therefore, there is no evidence before this court that Plaintiff's attorney conducted a reasonable and competent inquiry before filing the Complaint. Even if Plaintiff's counsel had filed a declaration regarding his inquiry, however, he could not meet the reasonable and competent standard, as minimal legal research would have revealed that all of Plaintiff's claims were preempted.

Therefore, Plaintiff's claims were not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. For these reasons, Defendant's motion for sanctions is GRANTED against Plaintiff's counsel, Barry Sooalo, Esq. See Fed. R. Civ. P. 11(c)(5) ("The court must not impose a monetary sanction: (A) against a represented party for violating Rule 11(b)(2)[.]"). Defendant may file all relevant documentation with the magistrate judge to support the calculation for the amount of the sanctions awarded hereunder.

<u>CONCLUSION</u>

For the reasons stated above, the Court GRANTS Defendant's motion.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 22, 2008.



_____
David Alan Ezra
United States District Judge

<u>Bandalan v. Castle and Cooke, et al.</u>, CV No. 07-00591 DAE-LEK; ORDER
GRANTING DEFENDANT'S MOTION FOR RULE 11 SANCTIONS