IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANTHONY BANDALAN, )<br>)<br>      Plaintiff, )<br>)<br>  vs. )<br>)<br>CASTLE & COOKE RESORTS, LLC, )<br>ET AL., )<br>)<br>      Defendants. )<br>_____ ) | CIVIL NO. 07-00591 DAE-LEK |

**REPORT OF SPECIAL MASTER ON THE AMOUNT OF
<u>RULE 11 SANCTIONS AGAINST PLAINTIFF'S COUNSEL</u>**

On December 22, 2008, United States District Judge David Alan Ezra issued his Order Granting Defendant's Motion for Rule 11 Sanctions ("Sanctions Order"). The district judge granted Defendant Castle & Cooke Resorts LLC's ("Defendant") Motion for Rule 11 Sanctions Against Plaintiff and/or His Counsel, filed November 12, 2008 ("Sanctions Motion"), as to Barry Sooalo, Esq., counsel for Plaintiff Anthony Bandalan ("Plaintiffs"). The district judge referred the calculation of the amount of the award to this Court. On January 12, 2009, Defendant filed a declaration of counsel stating that it incurred $19,153.76 in attorneys' fees, including tax, for work that is compensable under the Sanctions Order. On January 26, 2009, Plaintiff filed a reply to Defendant's calculation of the amount of the sanction. In accord with Rule 7.2(d) of the Local Rules of Practice of the United States District Court of the District

of Hawaii ("Local Rules"), the Court finds this matter suitable for disposition without a hearing. After reviewing the parties' submissions, the Court FINDS and RECOMMENDS that the district judge award Defendant $17,539.78 in attorneys' fees.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural history of this case and the Court will only discuss the events that are relevant to the issues before it.

Defendant filed its Motion for Summary Judgment on September 24, 2008. On November 12, 2008, the district judge issued an order granting Defendant's Motion for Summary Judgment on the ground that all of Plaintiff's claims were preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

In the Sanctions Motion, Defendant sought an award of "its attorneys' fees incurred in pursuing the Rule 11 Motion, the Motion for Summary Judgment, and any further fees incurred in defending against Plaintiff's claims pending the Court's ruling on the Motion for Summary Judgment." [Mem. in Supp. of Sanctions Motion at 16.] In the Sanctions Order, the district judge stated that Defendant sought "an award of attorneys' fees incurred in pursuing the instant motion and the summary judgment motion." [Sanctions Order at 5.] The district judge granted the Sanctions Motion as to Mr. Sooalo, but did not specify which events

Defendant could recover attorneys' fees for. [Id. at 8.]

Defendant seeks $19,153.76 in attorneys' fees, including tax, associated with: the Motion for Summary Judgment; work performed pending the ruling on the Motion for Summary Judgment; the Sanctions Motion; and the Declaration of Sarah O. Wang in Support of Attorneys' Fees, filed January 12, 2009 ("Wang Declaration").

In his reply, Plaintiff asked the Court to defer action on the sanctions award because he intended to file a motion for reconsideration of the Sanctions Order. He thereafter summarized some of the arguments which apparently he intended to raise in the motion for reconsideration, such as stating that he acted in good faith and did not file the action for an improper purpose. Plaintiff, however, never filed a motion for reconsideration of the Sanctions Order.

## DISCUSSION

### I. Scope of the Award

The district judge stated that the Sanctions Motion sought fees incurred in connection with the Motion for Summary Judgment and the Sanctions Motion. The district judge granted the Sanctions Motion as to Mr. Sooalo. This Court finds that, pursuant to the Sanctions Order, Defendant is entitled to attorneys' fees incurred in connection with the Motion for Summary Judgment and the Sanctions Motion. The Court also finds

that Defendant is entitled to attorneys' fees incurred in connection with the Wang Declaration, which is necessary to the calculation of the amount sought in the Sanctions Motion.

The Sanctions Order, however, does not address Defendant's request for "fees incurred in defending against Plaintiff's claims pending the Court's ruling on the Motion for Summary Judgment." [Mem. in Supp. of Sanctions Motion at 16.] In particular, Defendant seeks attorneys' fees incurred preparing for a settlement conference that had been scheduled for November 10, 2008, pending a ruling on the Motion for Summary Judgment. [Wang Decl. at ¶ 4.a.] Such a sanction is authorized under Rule 11. See Fed. R. Civ. P. 11(c)(4) ("if imposed on motion and warranted for effective deterrence, [the sanction my include] an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation"). On September 19, 2008, Defendant complied with Rule 11(c)(2), the "safe harbor" provision, by serving a copy of the Sanctions Motion on Plaintiff before filing it or the Motion for Summary Judgment. Plaintiff, however, did not withdraw his claims. [Sanctions Order at 5 n.1.] Had Plaintiff withdrawn his claims at that time, Defendant would not have incurred attorneys' fees associated with counsel's preparation for the scheduled settlement conference on November 10, 2008. This Court therefore finds that the

attorneys' fees incurred to prepare for the settlement conference are with Defendant's request in the Sanctions Motion. To the extent that the district judge granted the Sanctions Motion in its entirety as to Mr. Sooalo, the Sanctions Order also authorizes an award of fees incurred preparing for the settlement conference.

## II.  Calculation of Award

Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 461 U.S. at 433. Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. See Fischer, 214 F.3d at 1119 (citation omitted).

> The factors the Ninth Circuit articulated in Kerr are:
>
> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount

>       involved and the results obtained, (9) the
>       experience, reputation, and ability of the
>       attorneys, (10) the "undesirability" of the case,
>       (11) the nature and length of the professional
>       relationship with the client, and (12) awards in
>       similar cases.

Kerr, 526 F.2d at 70.  Factors one through five have been subsumed in the lodestar calculation.  See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Further, the Ninth Circuit, extending City of Burlington v. Daque, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent may not be considered in the lodestar calculation.  See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).  Once calculated, the "lodestar" is presumptively reasonable.  See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

Defendant requests the following lodestar amount for work it contends is compensable under the terms of the Sanctions Order:

| ATTORNEY | HOURS | RATE | LODESTAR |
| --- | --- | --- | --- |
| Sarah O. Wang | 34.8 | $275 | $ 9,570.00 |
| Natalie S. Kline | 49.7 | $170 | $ 8,449.00 |
| Jacqueline H. Hass | 3.5 | $115 | $   402.50 |
| Jacie R. Sakai | 11.4 | $125 | $ 1,425.00 |

```
                            Subtotal    $19,846.50

                            Credit     <$ 1,554.65>

                                        $18,291.85

    Hawaii General Excise Tax @ 4.712%  $    861.91

         TOTAL REQUESTED LODESTAR       $19,153.76
```

[Exh. A to Wang Decl.]  Ms. Wang graduated from law school in 1994 and was admitted to the Hawaii bar in 1996.  She became a partner with Marr Jones & Wang in 2001.  [Wang Decl. at ¶ 4.a.]  Ms. Kline is an associate who graduated from law school in 2000 and worked for six years in the United States Army Judge Advocate General's Corps.  She was admitted to the Hawaii Bar in 2007.  [Id. at ¶ 4.b.]  Ms. Hass and Ms. Sakai are paralegals who have been working in the employment law practice area since 2003 and 1998, respectively.  [Id. at ¶¶ 4.c., 4.d.]

    **A.**    **Reasonable Hourly Rate**

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").

In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable. See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987). Defendant submitted a chart from a 2008 edition of the Pacific Business News as evidence of the range of hourly rates for partners and associates in the top twenty-five Hawaii law firms. [Exh. B to Wang Decl.] Defendants state that the requested fees are within these ranges. [Wang Decl. at ¶ 8.e.] Defendant also submitted a declaration by Michael F. Nauyokas, Esq., attesting to the reasonableness of the requested hourly rates. Mr. Nauyokas is currently a sole practitioner whose areas of concentration include employment law. He has been practicing law in Hawaii since 1989. [Exh. C to Wang Decl.]

Based on this Court's knowledge of the prevailing rates in the community, this Court's prior findings in other cases, and the parties' submissions in this case, this Court finds that the requested hourly rate of $170 for Ms. Kline is manifestly reasonable. The Court, however, finds that the requested hourly rates of $270 for Ms. Wang, $115 for Ms. Hass, and $125 for Ms. Sakai and are unreasonable.

In Horizon Lines, LLC v. Kamuela Dairy, Inc., CV 08-00039 JMS-LEK, a case involving an award of attorneys' fees pursuant to contract after an entry of default judgment, this Court found that the requested hourly rates of $280 and $290 for

the director of a law firm who had been admitted to the Hawaii bar in 1995, was unreasonable. The Court reduced the hourly rate to $260. See Amendment to Findings and Recommendations for Entry of Default Judgment, Filed June 16, 2008, filed 9/3/08 (dkt. no. 21).[1] Ms. Wang has comparable qualifications. She is a partner who graduated from law school in 1994 and was admitted to the Hawaii bar in 1996. While employment law can be considered a specialized area of law which might warrant a higher hourly rate in some cases, the instant case was neither factually nor legally complex. In fact both the Motion for Summary Judgment and the Sanctions Motion were unopposed.

Further, the attorneys who this Court has previously awarded hourly rates of approximately $275 have more experience than Ms. Wang. See, e.g., Melodee H. v. Dep't of Educ., State of Hawaii, CV 07-00256 HG-LEK, Report of Special Master on Plaintiffs' Motion for an Award of Attorneys' Fees and Costs, filed 9/23/08 (dkt. no. 40) (attorney who was admitted to the Hawaii bar in 1972 requested and received $285 per hour); Loveland Academy, LLC v. Hamamoto, CV 02-00693 HG-LEK, Report of Special Master on Plaintiffs' Motion for Award of Attorneys Fees and Costs, filed 8/13/08 (dkt. no. 111) (attorney who was admitted to the Hawaii bar in 1989 requested and received $275

---

[1] The district judge in Horizon Lines adopted the amended findings and recommendations on September 29, 2008.

per hour); Won v. England, CV 07-00606 JMS-LEK, Report of Special Master On Defendant's Motion for Attorney's Fees And Costs, filed 7/15/08 (dkt. no. 84) (attorney who was admitted to the Hawaii bar in 1973 requested $310 per hour and received $285).[2]

This Court also notes that Ms. Hass' and Ms. Sakai's requested rates are inconsistent with this Court's awards for paralegals in prior cases.  See, e.g., Melodee H., Report of Special Master (paralegal requested and received $85 per hour); Won, Report of Special Master (paralegal requested $120 per hour and received $85); Mabson v. Ass'n of Apartment Owners of Maui Kamaole, CV 06-00235 DAE-LEK, Report of Special Master on the Amount of Rule 11 Sanctions Against Plaintiffs' Counsel, filed 2/26/08 (dkt. no. 94) (paralegal requested $125 per hour and received $85).[3]

This Court therefore finds that the following hourly rates are reasonable: Ms. Wang - $260; Ms. Hass - $85; and Ms. Sakai - $85.

### B. **Hours Reasonably Expended**

Beyond establishing a reasonable hourly rate, a party

---

[2] The district judge in Melodee H. adopted the report of special master, as amended on other grounds, on October 27, 2008.  The district judge in Loveland Academy adopted the report of special master on September 13, 2008.  The district judge in Won adopted the report of special master on August 18, 2008.

[3] The district judge in Mabson adopted the report of special master on May 13, 2008.

10

seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained. See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted). A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable. See id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)). A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted). Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated. See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

### 1. Demand for Withdrawal

On January 29, 2008, Defendant's counsel requested that Plaintiff voluntarily withdraw his Complaint because all of the claims failed as a matter of law. [Sanctions Order at 3.] Ms. Wang spent 2.6 hours and Ms. Kline spent 7.1 hours working on the demand for withdrawal. [Exh. A to Wang Decl. at 1, 4.] While such a demand was certainly reasonable and would have saved a significant amount of time and resources if it had been successful, it was not required by Rule 11's safe harbor

provision.  See Fed. R. Civ. P. 11(c)(2).  This Court therefore finds that the fees associated with the demand letter were not connected to the Sanctions Motion and therefore are not compensable under the Sanctions Order.  The Court will reduce Ms. Wang's time by 2.6 hours and Ms. Kline's time by 7.1 hours.

### 2. Clerical or Ministerial Tasks

Clerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate.  See, e.g., Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003).  This Court finds that a number of Ms. Wang's entries are for clerical tasks, including reviewing notices of the date and time for motions hearings and notices of filing deadlines.  It is difficult to determine how much time Ms. Wang spent on these tasks because several of her entries are in a block billing format.

"The term 'block billing' refers to the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks."  Robinson v. City of Edmond, 160 F.3d 1275, 1284 n.9 (10th Cir. 1998) (citations and quotation marks omitted).  Block billing entries generally fail to specify a breakdown of the time spent on each task.  Block billing can lead to excessive fees and the Court warns counsel that the use of block billing in future motions for attorneys' fees may result

in the imposition of a percentage reduction.  In the present case, this Court estimates that Ms. Wang spent 0.5 hours on clerical tasks and will deduct that amount from Ms. Wang's time.

The Court finds that the remainder of the time spent by counsel and their staff was reasonably incurred and is compensable under the Sanctions Order.

### 3. Total Award

Based on the foregoing, this Court finds that Defendant established the appropriateness of the following attorneys' fees:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Sarah O. Wang | 31.7 | $260 | $ 8,242.00 |
| Natalie S. Kline | 42.6 | $170 | $ 7,242.00 |
| Jacqueline H. Hass | 3.5 | $ 85 | $   297.50 |
| Jacie R. Sakai | 11.4 | $ 85 | $   969.00 |
| | | Subtotal | $16,750.50 |
| Hawaii General Excise Tax @ 4.712% | | | $   789.28 |
| | | **TOTAL** | **$17,539.78** |

This Court finds it unnecessary to adjust the award amount based on the Kerr factors.  The Court also notes that Defendant's counsel applied a $1,554.65 discount in the exercise of their "billing judgment".  [Wang Decl. at ¶ 7.]  The Court finds that it is unnecessary to apply a discount to the award because the deductions that this Court imposed exceed counsel's discount.

### CONCLUSION

In accordance with the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that Defendant's request for attorneys' fees should be GRANTED IN PART AND DENIED IN PART. This Court RECOMMENDS that the district judge award Defendant attorneys' fees in the amount of $17,539.78.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, June 30, 2009.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**ANTHONY BANDALAN V. CASTLE & COOKE RESORTS, LLC, ET AL; CIVIL NO. 07-00591 DAE-LEK; REPORT OF SPECIAL MASTER N THE AMOUNT OF RULE 11 SANCTIONS AGAINST PLAINTIFF'S COUNSEL**